UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

UNITED STATES OF AMERICA          :
                                  :
v.                                :     1:95-cr-89-04 / 1:00-cv-342
                                  :     *Edgar*
BRYANT A. COOK                    :

## MEMORANDUM

**I.     Introduction**

Currently pending before the Court is the motion of respondent, the United States of America ("United States") to reconsider this Court's order of June 17, 2005, in which this Court granted, in part, the motion of petitioner, Bryant A. Cook ("Cook"), to modify, correct or vacate sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 43]. Cook has filed a response opposing the United States motion to reconsider [Doc. No. 45].

Consequently, the motion of the United States to reconsider that aspect of this Court's order of June 17, 2005, which granted, in part, Cook's § 2255 motion [Doc. No. 43] is now ripe for review. For the reasons set forth in detail, *infra*, the motion of the United States to reconsider that aspect of this Court's order of June 17, 2005, which granted, in part, Cook's § 2255 motion [Doc. No. 43] will be **GRANTED**.

**II.    Background**

In this Court's memorandum and order of June 17, 2005, [Doc. No. 41, 42] the Court found in pertinent part that Cook was entitled to § 2255 relief on his claim that, in light of the decision in *United States v. Dale*, 178 F.3d 429 (6th Cir. 1999), this Court committed plain error when it sentenced Cook to life imprisonment under 21 U.S.C. § 841(b)(1)(A) for possession of

cocaine base ("crack") based upon the general jury verdict [Doc. No. 41, p. 1]. In this instance, the Court noted in its memorandum of June 17, 2005, that Count I of the Second Superseding Indictment charged Cook with a conspiracy to distribute multiple drugs – namely, cocaine hydrochloride, cocaine base ("crack") and marijuana [Case No. 1:95-cr-98-04, Doc. No. 65], that the jury received a specific unanimity instruction, and returned a general jury verdict finding Cook guilty of the offense charged in Count I of the second superseding indictment [Doc. No. 41, p. 10]. Further, the Court noted that at Cook's trial the vast, if not overwhelming majority, of the evidence presented pertained to the distribution cocaine base ("crack"), but that there was also some evidence adduced at trial from which a reasonable juror could find that the conspiracy charged in Count I of the Second Superseding Indictment also involved marijuana [Doc. No. 41, pp. 12-15]. In light of this fact, the Court noted that based upon the jury's general verdict, the Court could not rule out the possibility that the jury only agreed on marijuana with regard to Count I of the Second Superseding Indictment. And, based upon the disparity of sentences Cook would receive – life, if the conspiracy involved cocaine base ("crack"), but only 10 years, if the conspiracy only involved marijuana – the Court, relying on the decision in *United States v. Ballard*, 400 F.3d 404 (6th Cir. 2005), found that the sentence imposed on Cook was *plain error* in light of the decision in *United States v. Dale*, 178 F.3d 429 (6th Cir. 1999)[Doc. No. 41, p. 15 (emphasis added)]. Finally, the Court noted that Cook could show cause for his failure to raise the issue of the application of *Dale* to the jury instructions during his direct appeal. The Court noted that *Dale* was not decided by the Sixth Circuit until two days after the Sixth Circuit affirmed Cook's conviction and sentence on direct appeal, but that this was during the period

2

when Cook's petition for *certiorari* was pending before the Supreme Court [Doc. No. 41, pp. 15-16]. Thus, *Dale* was decided before Cook's conviction and sentence became final, but not in time for Cook to raise the issue on direct appeal.

Based upon the above, this Court conditionally granted Cook's petition for § 2255 relief. However, based upon the decision of the Second Circuit in *United States v. Orozco-Prada*, 732 F.2d 1076 (2d Cir.), *cert. denied*, 469 U.S. 845, 105 S. Ct. 154, 83 L.Ed.2d 92 (1984), the Court withheld judgment for thirty days in order for the government to determine consent to a resentencing under 21 U.S.C. § 841(b)(1)(B) or, if the government did not/would not consent to resentencing, the Court would vacate Cook's sentence and proceed to retry him on Count One. [Doc. No. 41, pp. 16-17].

Within the aforementioned thirty-day period, the government timely filed the instant motion for reconsideration.

### III.     **The United States' Motion to Reconsider** [Doc. No. 43].

The United States seeks reconsideration of this Court's order granting, in part, Cook's § 2255 motion on the ground that whether, or not, Cook has shown "cause" for his procedural default of his claim based upon the intervening decision in *United States v. Dale*, 178 F.3d 429 (6th Cir. 1999), Cook cannot establish "actual prejudice." [Doc. No. 43]. More specifically, the United States asserts that as the trial record demonstrates that overwhelming evidence supports Cook's life sentence under 21 U.S.C. § 841(b)(1)(A), a jury given the proper instructions under *Dale* would necessarily have found based upon the evidence adduced at trial that Cook conspired to distribute "crack" cocaine. The government further asserts that based upon the overwhelming

3

weight of the evidence adduced at Cook's trial, there is not a substantial likelihood that the jury would have found that Cook conspired to distribute only marijuana and not "crack" cocaine. Therefore, the government asserts that this Court erred in concluding that Cook can demonstrate actual prejudice resulting from the failure to submit a special verdict form to the jury as required by *Dale* in this situation. *Id.*

In his response to the government's motion to reconsider, Cook asserts that he did not default on his claim and he suffered actual prejudice as a result of the general jury verdict [Doc. No. 45]. Thus, Cook asks the Court to vacate his sentence in light of the decision in *Dale* [Doc. No. 45, p. 16].[1]

In its motion for reconsideration, the government asserts that Cook failed to raise his *Dale* claim on direct appeal and, therefore, he has procedurally defaulted such claim. Thus, the government asserts that pursuant to the decision in *United States v. Frady*, 456 U.S. 152 (1982), Cook's procedurally defaulted *Dale* claim should be reviewed on collateral appeal under the "cause and actual prejudice" standard, not the "plain error" standard [Doc. No. 43, p. 2].

In *United States v. Frady*, 456 U.S. 152, 102 S. Ct. 1584, 71 L.Ed.2d 816 (1982),

> Frady fil[ed] a motion under 28 U.S.C. § 2255 seeking the vacation of his sentence because the jury instructions used at his trial . . .

---

[1] In his response to the government's motion to reconsider, Cook requests that *only if* this Court decides to grant the government's motion to reconsider, this Court should reconsider his claims of ineffective assistance of counsel. Cook's contingent request, made not in a motion, but in his response to the government's motion to reconsider, is not properly before this Court. If Cook desires to request reconsideration of any ruling by this Court he must do so in a proper motion for reconsideration and not in a contingent or conditional request incorporated in response to a motion. Cook's contingent/conditional request for reconsideration is not sufficient to put the government on notice that reconsideration is being sought and to afford the government an opportunity to respond to a proper motion for reconsideration.

4

> were defective. Specifically, Frady argued that the Court of Appeals in cases decided after his trial and appeal, had disapproved instructions identical to those used in his case . . . ."
> *Id.*, 456 U.S. at 157, 102 S. Ct. at 1589.

The district court had denied Frady's motion, but the Court of Appeals reversed, vacated Frady's sentence, and remanded for either a new trial or resentencing based upon the application of the "plain error" standard. *Id.*, 456 U.S. at 158-59, 102 S. Ct. at 1590. The *Frady* Court rejected the application of the plain error standard stating that "the 'plain error' standard is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review or by the affirmance of the conviction on appeal." *Id.*, 456 U.S. at 164, 102 S. Ct. at 1592. Rather, the *Frady* Court stated that, "[t]he burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a . . . judgment is even greater than the showing required to establish plain error on direct appeal . . . We reaffirm the well-settled principle that to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *Id.*, 456 U.S. at 166, 102 S. Ct. at 1593. The *Frady* Court stated that the proper standard of review is the "cause and prejudice standard," which requires a convicted defendant to show (1) "cause" excusing his procedural default, and (2) "actual prejudice" resulting from the error of which he complains, in order to obtain collateral relief based upon trial error for which no objection had been made. *Id.*, 456 U.S. at 167, 102 S. Ct. at 1594.

The government contends that applying the "cause" and "actual prejudice" standard, given the overwhelming evidence which shows that Cook conspired to distribute cocaine base

5

("crack"), Cook cannot show "actual prejudice" based upon the failure to submit a special verdict form to the jury because there is virtually no likelihood that the jury would have found that Cook conspired to distribute only marijuana and not cocaine base ("crack") [Doc. No. 43, p. 2]. The Court agrees. The evidence was overwhelming that Cook conspired to distribute cocaine base ("crack"). In the June 16, 2005 memorandum, this Court noted that Kimberly L. Bonds, the witness who provided some of the limited testimony concerning marijuana, also testified that while living in Leon Rook's apartment she observed the defendant and another individual cooking cocaine into "crack" cocaine. [Case No. 1:95-cv-89, Doc. No. 230, Transcript, pp. 476-77]. Ms. Bonds further testified that while living in the Olive Street apartment, she observed both "crack" cocaine and marijuana, was present when cocaine was being "cooked" in to "crack" cocaine and made sales of "crack" for Cook to at least three different customers. *Id.*, pp. 486-89.

Based upon the aforementioned as well as the other evidence presented at trial, the Court finds that there is very little likelihood that the jury in Cook's trial could have found that Cook conspired to distribute only marijuana and not "crack" cocaine as well. Thus, the Court finds that Cook cannot establish "actual prejudice" stemming from the Court's failure to include/require a specific verdict with regard to Count 1 of the Superseding Indictment. Moreover, the Court also finds that Cook's claim regarding the decision in *Dale* was procedurally defaulted because they were not raised at any point prior to Cook's § 2255 motion.

Accordingly, since Cook cannot satisfy the "cause" and "actual prejudice" standard, the Court finds that Cook is not entitled to § 2255 relief on his claim that, in light of the decision in

6

*United States v. Dale*, 178 F.3d 429 (6th Cir. 1999), this Court committed plain error when it sentenced Cook to life imprisonment under 21 U.S.C. § 841(b)(1)(A) for possession of cocaine base ("crack") based upon a general jury verdict.

### IV. Conclusion

For the reasons stated above:

(1) The motion of the United States to reconsider that aspect of this Court's order of June 17, 2005, which granted, in part, Cook's motion to modify, correct or vacate sentence under 28 U.S.C. § 2255 [Doc. No. 43] will be **GRANTED**;

(2) This Court's order of June 17, 2005 [Doc. No. 42] which granted Cook's claim for § 2255 relief based upon his claim that this Court committed plain error when it sentenced him to life imprisonment under 21 U.S.C. § 841(b)(1)(A) for cocaine base ("crack") based upon a general jury verdict [Doc. No. 1] will be **VACATED**; and,

(3) Cook's claim that, in light of the decision in *United States v. Dale*, 178 F.3d 429 (6th Cir. 1999), this Court committed plain error when it sentenced him to life imprisonment under 21 U.S.C. § 841(b)(1)(A) for cocaine base ("crack") based upon a general jury verdict [Doc. No. 1] lacks merit and will be **DISMISSED**.

A separate order will enter.

>       */s/ R. Allan Edgar*
>       R. ALLAN EDGAR
>       CHIEF UNITED STATES DISTRICT JUDGE