UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| BRYANT A. COOK, | ) | |
| | ) | |
|     *Petitioner*, | ) | |
| v. | ) | Nos. 1:00-cv-342 / 1:95-cr-89-04 |
| | ) | *Edgar* |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     *Respondent*. | ) | |

**MEMORANDUM AND ORDER**

There are three matters before the Court.

**I.**     **Motion For Reconsideration [Court Doc. No. 48]**

On August 5, 2005, this Court entered a final judgment dismissing Bryant A. Cook's motion for post-conviction relief pursuant to 28 U.S.C. § 2255. [Court Doc. No. 47]. Cook did not timely file a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) within ten days after entry of the judgment.

On August 25, 2005, Cook filed a motion for reconsideration. [Court Doc. No. 48]. The Federal Rules of Civil Procedure do not explicitly provide for a "motion for reconsideration." A motion for reconsideration that is filed within ten days of entry of the judgment is usually construed and treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). Rule 59(e) provides that a motion to alter or amend judgment shall be filed no later than ten days after entry of the judgment. The ten-day time limit is strictly enforced and cannot be enlarged by this

1

Court. The Court does not have the authority to grant an extension of time to Cook to make a motion under Rule 59(e). Fed. R. Civ. P. 6(b); *FHC Equities, L.L.C. v. MBL Life Assur. Corp.*, 188 F.3d 678, 682 (6th Cir. 1999); *Parker v. Wilkinson*, 182 F.3d 918 (Table, text in 1999 WL 435150 (6th Cir. June 17, 1999)); *Rhoden v. Campbell*, 153 F.3d 773 (6th Cir. 1998); *Denley v. Shearson/American Express, Inc.*, 733 F.2d 39, 41 (6th Cir. 1984). Consequently, the Court does not treat Cook's motion for reconsideration as a motion to alter or amend judgment under Rule 59(e) because Cook did not file it within ten days of entry of the judgment.

The Court treats and construes the motion for reconsideration as a motion for relief from the judgment made pursuant to Fed. R. Civ. P. 60(b). If a motion for reconsideration is filed more than ten days after entry of the judgment, it is treated as a motion seeking relief from the judgment under Fed. R. Civ. P. 60(b). *McManus v. St. Joseph Hospital Corp.*, 79 Fed. Appx. 170, 171 (6th Cir. Oct. 24, 2003); *White-Bey v. McMeekin*, 198 F.3d 248 (Table, text in 1999 WL 1045106) (6th Cir. Nov. 10, 1999)); *Parker v. Wilkinson*, 1999 WL 435150; *Peake v. First National Bank and Trust Co.*, 717 F.2d 1016, 1019-20 (6th Cir. 1983).

After reviewing the record, the Court is satisfied that the judgment rendered on August 5, 2005 [Court Doc. No. 47] is correct. Cook has not met his burden of showing that he is entitled to any relief under Fed. R. Civ. P. 60(b). The Court explained the basis for its decision in a memorandum opinion filed on August 5, 2005. [Court Doc. No. 46]. The Court is not persuaded that there is any good reason for the Court to change or modify its decision.

Accordingly, the motion for reconsideration [Court Doc. No. 48] filed by Cook on August 25, 2005, which is treated as a Rule 60(b) motion, is **DENIED**.

2

**II.     Motion for Extension of Time to File Appeal [Court Doc. No. 49]**

On November 4, 2005, Cook made a motion pursuant to Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure seeking an extension of time to file a notice of appeal. [Court Doc. No. 49]. The motion for extension of time is **DENIED**. The problem for Cook is that he did not file his motion for extension of time within the time limit prescribed by Fed. R. App. P. 4(a)(5)(A). Cook filed his motion for extension of time after the time limit prescribed by Fed. R. App. P. 4(a)(5)(A) expired.

The time for appeal from a judgment or order entered by the District Court deciding a motion for post-conviction relief made under 28 U.S.C. § 2255 is governed by Rule 4(a) of the Federal Rules of Appellate Procure which is applicable to civil cases. *United States v. Means*, 133 F.3d 444, (6th Cir. 1998); Rule 11 of the Rules Governing Section 2255 Proceedings For The United States District Courts. Fed. R. App. P. 4(a)(1)(B) provides that when the United States is a party in a civil case, "the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered."

Fed. R. App. P. 4(a)(5)(A) provides that the district court may extend the time to file a notice of appeal if a party files the motion for extension of time no later than 30 days after the time prescribed by Fed. R. App. P. 4(a) expires, and the party shows excusable neglect or good cause. The judgment was entered on August 5, 2005, dismissing Cook's § 2255 motion. [Court Doc. No. 47]. Pursuant to Fed. R. App. P. 4(a)(1)(B), Cook was required to file his notice of appeal within 60 days after the judgment is entered. In other words, Cook was required to file the notice of appeal no later than October 4, 2005.

3

Pursuant to Fed. R. App. P. 4(a)(5)(A), the district court has the discretion and authority to extend the time for Cook to file a notice of appeal, but only if Cook files a motion for extension of time no later than 30 days after the time prescribed by Fed. R. App. P. 4(a) expires. This means that Cook is required by Fed. R. App. P. 4(a)(5)(A) to file a motion for extension of time no later than 30 days after October 4, 2005. The deadline for Cook to file his motion for extension of time under Fed. R. App. P. 4(a)(5)(A) is November 3, 2005. Cook did not meet the November 3, 2005 deadline. Cook's motion seeking an extension of time to file a notice of appeal [Court Doc. No. 49] was filed one day late on November 4, 2005.

The District Court does not have any authority under Fed. R. App. P. 4(a)(5) to enlarge or extend the deadline of November 3, 2005 for Cook to file his motion for extension of time. *See e.g., United States v. Douglas*, 238 F.3d 424 (Table, text in 2000 WL 1871727 (6th Cir. Dec. 12, 2000)); *United States v. Tarrant*, 158 F.3d 946, 947 (6th Cir. 1998); *United States v. Chance*, 57 F.3d 1071 (Table, text in 1995 WL 334555 (6th Cir. June 5, 1995));*United States v. El-Amin*, 979 F.2d 852 (Table, text in 1992 WL 337632 (6th Cir. Nov. 17, 1992)); *United States v. Wrice*, 954 F.2d 406, 409 (6th Cir. 1992); *United States v. White*, 840 F.2d 18 (Table, text in 1988 WL 12216 (6th Cir. Feb. 16, 1988)); *United States v. Hoye*, 548 F.2d 1271, 1273 (6th Cir. 1977).

Accordingly, Cook's motion for an extension of time to file a notice of appeal [Court Doc. No. 49] is **DENIED**.

### III.  Request for Certificate of Appealability [Court Doc. Nos. 50, 51]

On November 4, 2005, Cook filed a notice of appeal and a request for a certificate of appealability. [Court Doc. No. 50]. Cook refiled the same notice of appeal and a request for a certificate of appealability on November 16, 2005. [Court Doc. No. 51].

The request for a certificate of appealability is **GRANTED** pursuant to 28 U.S.C. § 2253(c). In the judgment entered on August 5, 2005 [Court Doc. No. 47], this Court stated that should Cook file a notice of appeal from the judgment, such notice of appeal would be treated as an application for a certificate of appealability which is granted under 28 U.S.C. § 2253(c) as to the particular question specified in the judgment.

The certificate of appealability may be moot. This Court expresses no opinion here whether Cook has timely filed a notice of appeal under Rule 4(a) of the Federal Rules of Appellate Procedure. The question whether Cook has timely filed a notice of appeal [Court Doc. Nos. 50, 51] is a matter for the United States Court of Appeals for the Sixth Circuit to determine.

SO ORDERED.

ENTER this *6th day of February, 2006*.

                                       */s/ R. Allan Edgar*
                                       R. ALLAN EDGAR
                                       UNITED STATES DISTRICT JUDGE